WEDEMEYER and others *v.* LANCASTER, Surveyor, etc. BATESON *v.* SAME. SIMMONS HARDWARE CO. *v.* SAME.

*(Circuit Court, E. D. Missouri, E. D.* May 3, 1887.)

1. CUSTOMS DUTIES—EXCESSIVE DUTIES—PRACTICE.
    Actions to recover excess of duties paid under protest are purely statutory.
2. SAME—PLEADING.
    Where the petition shows, on its face, that the plaintiff has taken all the steps, antecedent to a suit, prescribed by sections 2931 and 3011, Rev. St. U. S., and furthermore contains a statement of all those matters required to be contained in a bill of particulars under section 3012, Rev. St. U. S., it is not demurrable on the ground that it does not state a good cause of action.
3. SAME.
    The facts required to be stated in the bill of particulars need not be stated in the petition any more fully than they are required to be stated in the bill.
4. SAME.
    Where the petition stated that the defendant, on a given day, required the plaintiff, as importer, to pay a given sum, in excess of the lawful duties, on certain described goods, which were invoiced on a certain day, shipped from a certain place, on a certain steamer, and were entered in the custom-house on a given date, *held*, that it was not demurrable on the ground that it merely stated legal conclusions, and did not state any facts in an issuable form.

At Law. On demurrer to petitions.
*John M. Holmes*, for plaintiff.
*Thomas P. Bashaw*, Dist. Atty., for defendant.

THAYER, J., *(orally.)* These are suits against the surveyor and acting collector of import duties at the port of St. Louis, to recover excessive duties alleged to have been exacted by him on certain merchandise entered at this

port. Formerly such actions were brought in *assumpsit*, and rested upon the implied promise of the collector to refund money which he had exacted as agent of the government without lawful authority; but, as was fully explained in *Arnson* v. *Murphy*, 109 U. S. 238, 3 Sup. Ct. Rep. 184, actions of this description are now regulated by, and are founded upon certain statutory provisions. *Vide* sections 2931, 3011, 3012, 3012½, Rev. St. U. S. This much is said by way of premise, in view of the fact that the demurrers have been argued upon the theory that these are ordinary common-law actions, and that the ordinary rules of code pleading are applicable to the cases. The statute which creates a right of action against a collector, to compel him to refund money unlawfully exacted from an importer, requires the plaintiff, as a condition precedent to maintaining his suit, (1) to file a protest with the collector, when the duties have been imposed, wherein he must distinctly specify and set forth the ground of his objections to the decision of the collector respecting the amount of such duties; and (2) to prosecute an appeal from the collector's decision to the secretary of the treasury. Sections 2931, 3011, *supra*.

If the protest and appeal prove unavailing, or if the secretary's decision is delayed more than 90 days, suit may be brought, and after suit is brought plaintiff is further compelled to serve on the defendant a "bill of particulars of his demand," the nature of which is fully set forth in section 3012, *supra*. Reference is made to these provisions of the statute, particularly to section 3012, with a view of showing what allegations are essential in a suit of this character to constitute a good complaint or declaration. The action being purely statutory, as declared by the supreme court, it would seem that a declaration ought to be held good that shows on its face (as these declarations show) that the plaintiff has taken all the steps antecedent to a suit prescribed by sections 2931 and 3011, and that furthermore contains a statement of all those matters required to be contained in a "bill of particulars" under section 3012.

What more is essential to make out a cause of action, and what other information can a defendant reasonably require to enable him to prepare his defense? It is urged that when the pleader avers that the defendant, on a given day, required him, as importer, to pay a given sum in excess of the lawful duties, on certain described goods, which were invoiced on a certain day, shipped from a certain place, on a certain steamer, and were entered in the custom-house on a given date, that he merely states a legal conclusion, and does not state any facts in an issuable form. This seems to be the sole point of the demurrer. But it must be borne in mind (even if the criticism of the averment is justifiable) that the statute on which this action is based does not require any greater fullness of statement, even in what is termed a bill of particulars required to be served on the defendant subsequent to the commencement of the suit.

The demurrers are clearly untenable, and must be overruled.